**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CHANTZ DOPUDJA,<br><br>Plaintiff,<br><br>v.<br><br>WISCONSIN AND SOUTHERN RAILROAD, L.L.C.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:26-cv-1960**<br><br>**JURY TRIAL DEMANDED** |

**<u>COMPLAINT UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT</u>**

NOW COMES the Plaintiff, CHANTZ DOPUDJA, by and through his attorneys, Coplan & Crane, Ltd., and for his Complaint against Defendant, WISCONSIN AND SOUTHERN RAILROAD, L.L.C., states as follows:

**NATURE OF THE ACTION**

1. This is an action for personal injuries brought under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60. Plaintiff, a railroad conductor, injured his right knee on October 27, 2023, when a sudden slack action threw his foot from the stirrup of a rail car that Defendant had trained him to get on while it was moving. Getting on moving equipment is inherently hazardous, unnecessary, and a practice that many railroads have prohibited or restricted because of its risk of injury. The October 27, 2023, injury left Plaintiff's right knee weakened and unstable, contributing to his right knee later giving way, aggravating his injury and requiring further medical treatment.

## PARTIES

2. Plaintiff, Chantz Dopudja, is an adult individual who resides in Reeseville, Dodge County, Wisconsin.

3. Defendant, Wisconsin and Southern Railroad, L.L.C. ("WSOR"), is a limited liability company that maintains its principal office at 1890 E. Johnson Street, Madison, Wisconsin 53704.

4. At all times relevant to this Complaint, WSOR was a common carrier by railroad engaged in interstate commerce. WSOR operates rail lines in Wisconsin and Illinois and interchanges freight traffic with other railroads that carry freight throughout the United States.

5. At all times relevant to this Complaint, WSOR owned, operated, maintained, and/or controlled yards, tracks, and right-of-way within the Eastern District of Wisconsin, including the Horicon West Yard in Horicon, Dodge County, Wisconsin.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, namely FELA, 45 U.S.C. §§ 51–60. See also 45 U.S.C. § 56.

7. Venue is proper in this District under 45 U.S.C. § 56 and 28 U.S.C. § 1391(b)(2) because the cause of action alleged herein arose in this District, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and WSOR was doing business in this District at the time this action was commenced.

8. This action is timely under 45 U.S.C. § 56 because it was commenced within three years of the day the cause of action accrued.

## FACTUAL ALLEGATIONS

9. WSOR hired Plaintiff on or about May 22, 2023.

10. At all times relevant to this Complaint, Plaintiff was employed by WSOR as a conductor, and his duties were in furtherance of interstate commerce and directly, closely, and substantially affected interstate commerce. Plaintiff was at all relevant times an employee within the meaning of FELA, 45 U.S.C. § 51.

11. After he was hired, Plaintiff received training at a training facility in Alabama, followed by on-the-job training in Horicon, Wisconsin.

12. As part of that training, WSOR, through its officers, agents, trainers, and employees, trained and instructed Plaintiff to get on rail cars while they were moving, specifically to wait until the cars began to move and then get on the moving equipment.

13. Getting on and off moving equipment is inherently hazardous and unnecessary. Many railroads have prohibited or restricted the practice because of its risk of injury and instead require that a movement be stopped before an employee gets on or off the equipment.

14. On October 27, 2023, Plaintiff was working the night shift, from approximately 5:00 p.m. to 5:00 a.m., at WSOR's Horicon West Yard in Horicon, Wisconsin.

15. During that shift, WSOR's locomotive engineer was performing a shoving movement of a train consist of approximately 30 to 40 cars.

16. Consistent with the training and instruction WSOR had given him, Plaintiff waited until the cars were moving and then got on the moving equipment, standing in the stirrup (sill step) on the side of a moving rail car.

17. Plaintiff then communicated by radio to the engineer that he was on the equipment.

18. During the shoving movement, a sudden slack action caused Plaintiff's foot to come out of the stirrup, injuring his right knee.

19. No manager or supervisor was on duty at the Horicon West Yard during Plaintiff's shift that night.

20. The following morning, Plaintiff reported the occurrence and his injury to WSOR's manager on duty, who sent Plaintiff for medical evaluation.

21. After the October 27, 2023, occurrence, Plaintiff continued to experience problems with his right knee, received medical treatment, and was placed on light-duty work.

22. On August 2, 2024, Plaintiff completed a return-to-work physical examination, and he returned to full duty on or about August 5, 2024.

23. After Plaintiff returned to full duty, his weakened right knee gave way, aggravating his right-knee injury.

24. Plaintiff has since required extensive medical treatment for his right knee. He continues to suffer pain, discomfort, and disability in his right knee and has been unable to return to work.

## COUNT I
## FELA NEGLIGENCE – OCTOBER 27, 2023 OCCURRENCE

25. Plaintiff restates and incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Under FELA, WSOR owed Plaintiff a continuing, nondelegable duty to use reasonable care to provide him with a reasonably safe place to work, reasonably safe conditions for work, and reasonably safe methods of work, and is liable for injuries resulting in whole or in part from the negligence of any of its officers, agents, or employees. 45 U.S.C. § 51.

27. On and before October 27, 2023, WSOR, by and through its officers, agents, and employees, was negligent in one or more of the following ways:

a. Failed to provide Plaintiff with a reasonably safe place to work;

b. Failed to provide reasonably safe conditions for work;

c. Failed to provide reasonably safe methods for work;

d. Trained, instructed, and required Plaintiff to get on moving equipment rather than requiring that the movement be stopped before he got on the equipment;

e. Permitted and encouraged employees to get on and off moving equipment, which is inherently hazardous, unnecessary, and a practice that many railroads have prohibited or restricted because of its risk of injury;

f. Failed to adopt and enforce rules prohibiting employees from getting on and off moving equipment, contrary to the custom and practice of other railroads in the industry;

g. Failed to provide proper training and instruction regarding the hazards of getting on moving equipment and of slack action;

h. Assigned a newly hired employee with approximately five months of service to get on moving equipment during a nighttime shoving movement of a long cut of cars;

i. Through its engineer, increased locomotive power when it knew or should have known that Plaintiff had just gotten on the equipment and was in a vulnerable position;

j. Failed to properly control its train and the slack in its train during the shoving movement;

k. Failed to adopt and enforce reasonably safe rules and practices for train handling and slack control during shoving movements when employees are getting on or riding equipment;

l. Failed to ensure adequate communication and coordination between the engineer and the ground crew before and during the movement;

m. Failed to provide adequate supervision, including by having no manager or supervisor on duty during Plaintiff's shift;

n. Failed to warn Plaintiff of the hazards described above; and/or

o. Allowed unsafe practices to become normal practices.

28. Plaintiff's injuries resulted in whole or in part from WSOR's negligence.

29. Under 45 U.S.C. § 54, Plaintiff shall not be held to have assumed the risks of his employment.

30. As a direct result of WSOR's negligence, Plaintiff sustained severe and permanent injuries to his right knee. These injuries left his right knee weakened and unstable and contributed to his right knee later giving way, aggravating his injury and requiring further medical treatment. Plaintiff has incurred and will incur expenses for hospital, medical, nursing, rehabilitative, and related services and treatment. He has lost and will lose wages, benefits, earnings, and earning capacity. He has also suffered and

will continue to suffer pain, disability, mental anguish, loss of a normal life, disfigurement, and inconvenience.

WHEREFORE, Plaintiff, Chantz Dopudja, demands judgment against Defendant, Wisconsin and Southern Railroad, L.L.C., in an amount to be determined by the jury that will fairly and reasonably compensate him for his injuries and damages, together with the costs of this action and such other relief as the Court deems just.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: October 22, 2026

Respectfully submitted,

/s/ Benjamin A. Crane
Attorney for Plaintiff

Benjamin A. Crane (Illinois Atty Bar No. 6273651)
Andrew J. Burkavage (Illinois Atty Bar No. 6308669)
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301-1046
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
E-mail: bcrane@coplancrane.com
aburkavage@coplancrane.com